Filed April 7, 1887.

---

No. 12,451.

## HOLMAN v. DUKES ET AL.

ESTOPPEL.—*Real Estate.*—*Conveyance.*—*Representation of Interest.*—A widow who sells and conveys a life-estate, representing that to be all her interest, is not thereby estopped to assert, as against her grantee, a title in fee, held at the time of the conveyance as heir of a deceased child.

From the Miami Circuit Court.

*W. E. Mowbray, J. H. Larimer* and *C. R. Pence,* for appellant.

*H. J. Shirk, J. Mitchell, L. Walker* and *W. B. McClintic,* for appellees.

ELLIOTT, C. J.—The appellant instituted this suit to secure partition of land of which her husband, Solomon Holman, died the owner in August, 1852, leaving surviving him the appellant and seven children. One of the children, George E., died February 16th, 1853, and it is the interest which descended to the appellant as his heir that she now claims.

The answer of Aaron N. Dukes alleges, that, on the 29th day of January, 1869, the appellant conveyed to him her interest in the land, and that the deed contained, among others, these provisions: Mary E. Holman " doth hereby grant, bargain, sell and convey, to the said Aaron N. Dukes, all her right, title and interest, the same being a life-estate in the undivided one-third " part of the land. " The said grantor, her heirs and assigns hereby covenanting with the grantee, his heirs and assigns, that the right, title and interest in and to said premises herein conveyed is clear, free and unencumbered, and that she is lawfully seized of the premises aforesaid as of a sure and perfect life-estate of inheritance, and that she will warrant and defend the same against all claims whatsoever."

It is also alleged that Dukes purchased without any knowledge that there had ever been a child named George E. Holman; that he platted the land purchased into town lots; that he made permanent improvements on the lots; that he paid the full purchase-price of the land; that he bought and paid for the interest of all the other children, and that, with full knowledge of the death of her son George E., she falsely represented that she only held a dower interest in the land.

We think that the trial court erred in overruling a demurrer to this answer. All the interest that Mrs. Holman assumed to convey, and all that she did convey, was her interest in dower as widow of Solomon Holman. It is not shown that she represented that she had any other interest, and it is not possible that she could have been guilty of a wrong in conveying all the interest that she represented herself to be the owner of. If the appellee contracted with her

for a life interest, and got what he contracted for, he has no cause for complaint against her. He may have a cause of action against the children who assumed to convey more than they owned, but he can not defeat the plaintiff for that reason. As he received the interest he bargained for, he can not insist that, as she did not convey all her interest, she is estopped. Where a party bargains for a life-estate in land, and gets it, he can not complain that his grantor did not convey some other interest she had in the land.

Judgment reversed.

Filed Feb. 26, 1887; petition for a rehearing overruled May 11, 1887.